

FILED by MB D.C.
ELECTRONIC

**MAR. 30, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:  **10-60481-Civ-MORENO/TORRES**

MEANAGER, LLC,
a Florida limited liability company,

       Plaintiff,

vs.

ZAZZLE, INC.,
a California corporation,

and

URBAN DICTIONARY, LLC,
a Delaware limited liability company,

       Defendants.

**JURY TRIAL REQUESTED**

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Plaintiff Meanager, LLC  ("Meanager"), a Florida limited liability company, files this Complaint against defendants Zazzle, Inc. ("Zazzle"), a California corporation, and Urban Dictionary, LLC ("UD"), a Delaware limited liability company (collectively "defendants")and alleges as follows:

## THE PARTIES

1.     Meanager is a limited liability company organized under the laws of the State of Florida, with its principal place of business at 533 N.E. 3rd Avenue #321, Fort Lauderdale, Florida 33301.

1

2.     Meanager is in the business of marketing, offering to sell, and selling clothing, online interactive website services and sporting goods throughout the United States.

3.     Upon information and belief, defendant Zazzle is a corporation organized under the laws of the State of California with its principal place of business at 1900 Seaport Blvd., 4th Floor, Redwood City, California 94063.

4.     Upon information and belief, defendant Zazzle is engaged in the business of making, selling, and offering for sale in this jurisdiction and throughout the United States various retail products including clothing which is directly competitive with MEANAGER's trademark protected products. *See Exhibit A.*

5.     Upon information and belief, defendant UD is a limited liability company organized under the laws of the State of Delaware with an online presence which is selling and offering for sale Zazzle products that are directly competitive with MEANAGER's trademark protected products in this jurisdiction and throughout the United States.

## JURISDICTION AND VENUE

6.     This action arises under Acts of Congress relating to: (a) trademark  infringement and unfair competition under 15 U.S.C. §§ 1114, 1116-1118, 1125; (b) the laws of the State of Florida, including common law trademark and unfair competition laws, and (c) violations of the State of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA).

7.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1331.  Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Meanager's state law claims because these claims arise from the same case and controversy, transactions and occurrences, and derive from a common nucleus of operative facts.

2

8. Defendants are subject to the general and specific personal jurisdiction of this Court under Florida law, including Florida's long-arm statute. F.S. § 48.193 (1)(a)-(b), (f)(1)-(2) and Federal Rule of Civil Procedure 4.

9. Upon information and belief, defendants have separately or in concert engaged in acts giving rise to the claims in this Complaint within this jurisdiction, in this Judicial District and throughout the United States.

10. This action arises out of the business transactions, commission of injury and other activities of defendants in Florida, including in the Southern District of Florida, and throughout the United States. The defendants are therefore subject to personal jurisdiction in the Southern District of Florida.

11. Venue is proper under 28 U.S.C. §§ 1391(b).

### BACKGROUND

12. Meanager has registered several federal trademarks ("MEANAGER Trademarks") in the U.S. Patent and Trademark Office ("PTO"). The MEANAGER Trademarks are as follows:

| MARK | REG. NO. |
|------|----------|
| MEANAGER | 3,462,796 |
| MEANAGER | 3,254,063 |
|  | 3,451,225 |

True and correct printouts of these Federal Trademark Registration Certificates are attached as *Exhibit B*.

13.     MEANAGER was first used as a service mark in commerce in 2006. MEANAGER was used as a trademark in commerce in connection with clothing since at least as early as 2007 and since these first use dates the MEANAGER trademarks have been in continuous use by Meanager in Florida and across the United States.

14.     Meanager's goods and services are well known amongst the relevant consumers, of superior quality and are known by the MEANAGER Trademarks.  Relevant consumers rely upon the MEANAGER Trademarks as symbols and assurance of the origin and quality of Meanager's goods and services.

15.     MEANAGER has established and maintained high quality standards for the products and services offered under the MEANAGER Trademarks in the United States.

16.     By virtue of the recognition of the federally-registered MEANAGER Trademarks and sales of products bearing the MEANAGER Trademarks across the United States, Meanager's federally-registered trademarks have developed secondary meaning and significance in the minds of the purchasing public. Goods and services that bear MEANAGER Trademarks are immediately associated with Meanager by the purchasing public.

17.      The MEANAGER Trademarks are distinctive, have been used throughout Florida and the United States, and are well known to members of the purchasing public.

18.     Meanager has spent considerable time and money to establish the MEANAGER Trademarks and the brand's reputation in Florida and the United States. Meanager intends to preserve and maintain its rights to its federally-registered trademarks and to continue to use the MEANAGER Trademarks for the manufacture, sale, and merchandising of authorized goods and

4

services, including those goods and services listed in the attached federal trademark registrations. *See Exhibit B.*

19. Meanager has advertised its products bearing the MEANAGER Trademarks to the purchasing public throughout the United States on the Internet through its own website www.meanager.com, and on such well-known websites as FaceBook, Twitter, MySpace and Linked-In long before the defendants' improper acts identified and alleged in this Complaint.

20. The products sold under the MEANAGER Trademarks, by reason of their high-quality and customer service, have come to be known to the relevant purchasing public. As a result, the MEANAGER Trademarks and associated goodwill are of great value to Meanager.

21. The MEANAGER Trademarks are in full force and effect, and have never been abandoned.

22. Meanager has never consented, authorized, licensed, or otherwise allowed defendants to use the MEANAGER Trademarks.

23. Upon information and belief, defendants have engaged in and continue to engage in the promotion, advertising, manufacture, marketing, selling, and offering for sale of competing products, including clothing, that infringe and colorably imitate the MEANAGER Trademarks. See *Exhibit C* attached hereto. Defendants do so in this State and District and throughout the United States.

24. Upon information and belief, defendants advertise, endorse, sell, and have sold products using the term Meanager through at least the website urbandictionary.com. True and correct screenshots of pages from this website are attached as *Exhibit D.*

25. Upon information and belief, defendants are currently marketing, endorsing or selling products including clothing within this State and District bearing infringements of the

5

MEANAGER Trademarks. See *Exhibit E* attached hereto. Continued sales of such goods will damage, impinge upon and threaten the goodwill that Meanager has established for its Meanager branded products and services. Meanager has no way of ensuring the quality of defendants' goods and has been and will continue to be irreparably harmed unless defendants are enjoined from the sale of those goods.

26. Upon information and belief, after Meanager's adoption and use of the MEANAGER Trademarks, and subsequent to Meanager's federal registrations of the MEANAGER Trademarks, defendants commenced the development, promotion, advertising, manufacture, distribution, offering for sale, or sale in commerce of infringing merchandise.

27. Defendants' conduct in the manufacture, endorsement, distribution, advertising, sale, offering for sale, or other use of infringing products bearing MEANAGER Trademarks constitutes unfair competition and false designation of origin and tends to falsely represent that defendant Zazzle's products originate from Meanager or that defendants' infringing products have been sponsored, approved, or licensed by Meanager or are in some way affiliated or connected with Meanager.

28. The conduct of the defendants is likely to confuse, mislead, and deceive Meanager's customers, purchasers, and members of the public, as to the origin of the defendant Zazzle's products or cause the public to believe that defendants' use of the MEANAGER Trademarks or confusingly similar identifiers have been sponsored, approved, authorized, or licensed by Meanager or are in some way are affiliated or connected with Meanager, all in violation of Section 43(a) of the Lanham Act or 15 U.S.C. § 1125(a).

6

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

29.     Meanager incorporates paragraphs 1-28.

30.     The MEANAGER Trademarks are distinctive.

31.     Defendants' unauthorized reproduction, copying, imitation, endorsement, promotion and use of the federally-registered MEANAGER Trademarks or confusingly similar identifiers, including sale of products in interstate commerce bearing the MEANAGER Trademarks, constitutes trademark infringement and is likely to cause confusion, mistake or deception in the minds of the purchasing public as to the source of the products in violation of 15 U.S.C. § 1114.

32.     Meanager has no adequate remedy at law.

33.     Defendants' conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of Meanager in its federally-registered trademarks, business, reputation, and goodwill.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

34.     Meanager incorporates paragraphs 1-28.

35.     The MEANAGER Trademarks are distinctive.

36.     Defendants' use of or endorsement of products bearing the MEANAGER Trademarks or confusingly similar identifiers in interstate commerce constitutes false designation of origin of Meanager's products and falsely represents that defendants' products bearing the MEANAGER Trademarks or confusingly similar identifiers originate from

7

Meanager or are sponsored, associated, approved, or licensed by Meanager or are affiliated or connected with Meanager.

37. Defendants' products that are identified by or bear the MEANAGER Trademarks are likely to confuse, mislead, and deceive Meanager's customers, purchasers, and members of the public or to cause those persons to believe that defendants' offering for sale products bearing the MEANAGER Trademarks have been sponsored, approved, authorized, or licensed by Meanager or are affiliated or connected with Meanager, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Defendants' products, endorsements, services or marketing materials that bear the MEANAGER Trademarks or confusingly similar identifiers in commerce are likely to cause confusion among the consuming public to Meanager's detriment, as consumers will likely associate, or have associated, such products as originating with Meanager. Defendants have violated and continue to violate Meanager's rights under 15 U.S.C. §§1115(a) and 1125 (a).

39. Meanager has no adequate remedy at law.

40. Defendants' conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of Meanager in its federally-registered trademarks, business, reputation, and goodwill.

<u>**COUNT III**</u>
<u>**FEDERAL UNFAIR COMPETITION**</u>

41. Meanager incorporates paragraphs 1-40.

42. Upon information and belief, defendants have unfairly used the MEANAGER Trademarks or endorsed products bearing the MEANAGER Trademarks or confusingly similar identifiers in interstate commerce by passing off, infringing, and misappropriating the MEANAGER Trademarks that is likely to, has, and will continue to confuse consumers.

8

43. By their misconduct, defendants violated and continues to violate 15 U.S.C. §1125(a).

44. Defendants' misconduct has unjustly enriched defendants and damaged Meanager.

45. Meanager has no adequate remedy at law.

46. Meanager has suffered irreparable injury and damages as a result of defendants' conduct, and will continue to suffer irreparable injury unless defendants are enjoined by the Court.

## COUNT IV
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

47. Meanager incorporates paragraphs 1-28.

48. The MEANAGER Trademarks are inherently distinctive, or in the alternative, have acquired distinctiveness/secondary meaning.

49. Meanager owns and enjoys common law trademark rights in Florida in and to the MEANAGER Trademarks. Meanager's rights are superior to any rights alleged by defendants in the MEANAGER Trademarks in any form or style.

50. Defendant UD's endorsement of and offers to sell products bearing the MEANAGER Trademarks and defendant Zazzle's use of the MEANAGER Trademarks in connection with the same or similar products as those provided by Meanager in Florida, are likely to cause, has caused, and will continue to cause consumer confusion as to the source of defendant Zazzle's products that bear the MEANAGER Trademarks, in that consumers will likely associate or have associated defendants' products with Meanager to Meanager's detriment.

51. Meanager has no adequate remedy at law.

9

52.     Defendants' conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of Meanager in its federally-registered trademarks, business, reputation, and goodwill.

## COUNT V
## FLORIDA UNFAIR COMPETITION

53.     Meanager incorporates paragraphs 1-52.

54.     Meanager is the prior user of the MEANAGER Trademarks.

55.     Defendants have used or endorsed and are currently using or endorsing products bearing confusingly similar identifiers compared to the MEANAGER Trademarks to indicate or identify similar goods marketed by defendants in competition with Meanager, in the same trade area in which Meanager has already established the MEANAGER Trademarks.

56.     As a result of the defendants' actions, consumer confusion as to the source or sponsorship of defendants' goods is likely.

57.     Meanager has no adequate remedy at law.

58.     Defendants' conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of Meanager in its Federally-registered trademarks, business, reputation, and goodwill.

## COUNT VI
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## (FLA. STAT. §§501.201 TO 501.213)

59.     Meanager incorporates Paragraphs 1-58.

60.     Defendants' actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute §501.204.

10

61.     Defendants willfully used or practiced these unlawful acts in violation of Fla. Stat. §501.204, and knew or should have known that their acts were unlawful and would damage Meanager and injure consumers deceptively.

62.     Meanager has been damaged directly and proximately by defendants' unlawful actions.

63.     For the defendants' violation of the Florida Deceptive and Unfair Trade Practices Act, Meanager is entitled to recover actual damages, plus reasonable attorneys' fees and costs.

### REQUEST FOR RELIEF

**WHEREFORE,** Meanager prays for judgment in its favor and with the following relief:

1.     A Court Order prohibiting and permanently enjoining defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with defendants, from:

(a) directly or indirectly infringing the MEANAGER Trademarks;

(b) engaging in any conduct that tends to falsely represent that, or is likely to confuse, mislead, or deceive consumers of Meanager's and defendants' products, or members of the public to believe that, the defendants' products are connected, sponsored, approved, licensed by or affiliated with Meanager;

(c) affixing, applying, annexing, or using in connection with the manufacture, distribution, marketing, advertising, packaging, sale, or offering for sale or other use of any products, a false description or representation, including words or other symbols, tending to falsely describe or represent such products as being those of Meanager;

(d) selling, or offering to sell such infringing items;

11

(e) assigning or transferring to, or forming new entities or associations for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (d) above; and

(f) otherwise competing unfairly with Meanager.

2.    A Court Order directing the defendants to preserve and turn over to Meanager or its designee(s) and permitting Meanager or its designee to seize the following things that are in defendants' possession, custody, or control:

(a) unauthorized merchandise that bears the MEANAGER Trademarks or colorable imitations thereof;

(b) any other products which reproduce, imitate, or bear the MEANAGER Trademarks, trade name, logos, or which illustrate, reproduce,  copy, or are indistinguishable from any of the MEANAGER Trademarks;

(c) all merchandise or products including, but not limited to, printed graphics, promotional materials, labels, boxes, packaging, advertisements, patterns, screen prints, and any other items, goods or merchandise in defendants' possession, custody or control bearing any counterfeits, copies or substantially indistinguishable designations of the MEANAGER Trademarks;

(d) all machinery, devices, other apparatus, or other means of making any counterfeits, copies, or substantially indistinguishable designations of the MEANAGER Trademarks;

(e) all documents, papers, computers, magnetic tapes, punch cards, computer printouts, electronic mail, computer disks, or any other electronic information, client lists, books, files or records documenting or reflecting the manufacture, import, export, reproduction,

12

copying, purchase, sale, offering for sale, transport, printing, distribution or receipt of merchandise, goods, or other items bearing the MEANAGER Trademarks or colorable imitations thereof; and

(f) all other things involved in defendants' violations, including, without limitation, all such merchandise or means of making or transporting defendants' infringing merchandise or related records and things on the person of any of defendants' representatives, or under the control of defendants, or which defendants attempted to sell or are holding, including any carton, computer, electronic data storage device, vehicle, container or other package in which said counterfeit merchandise or labels or materials or business records may be found.

3.     A Court Order directing defendants to immediately supply Meanager's counsel with a complete list of: (1) individuals and entities who manufactured defendants infringing and merchandise (along with the quantities of all such infringing merchandise); (2) individuals and entities that sold or provided to defendants its infringing merchandise (along with the quantities of all such infringing merchandise); and (3) individuals and entities to whom or which defendants sold, offered for sale, distributed, advertised or promoted defendants' infringing merchandise (along with the quantities of all such infringing merchandise).

4.     A Court Order directing defendants to remove listings of any infringing products from at least the websites "urbandictionary.com" and "zazzle.com."

5.     A Court Order directing defendants to pay to Meanager damages for defendants' trademark infringement pursuant to 15 U.S.C. § 1117 in the form of either, at Meanager's election before the entry of a final judgment: defendants' profits, Meanager's damages, or statutory damages under 15 U.S.C. § 1117(c)(1) as the Court considers just.

13

6.      A post-judgment equitable accounting of damages for the period of infringement identified in this Complaint or the period of damages established at trial.

7.      A Court Order requiring the defendants, within thirty (30) days after service of Judgment, to file with this Court and serve upon Meanager's undersigned counsel, a written report, under oath, setting forth in detail the manner in which defendants have complied with the Judgment.

8.      A Court Order to compensate Meanager for its actual damages.

9.      A Court Order to compensate Meanager for its pre-judgment and post-judgment interest.

10.     A Court Order to compensate Meanager its reasonable attorney's fees and costs of this Action.

11.     A Court Order granting Meanager such other and further relief as deemed just and equitable.

## JURY DEMAND

Meanager hereby demands trial by jury on all issues so triable.

Dated: March 30, 2010.                         Respectfully submitted,

Jason R. Buratti, Esq.
Florida Bar Number 73756
Manjit S. Gill, Esq.
Florida Bar Number 189601
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
(954) 828-1488 (Telephone)
(954) 828-9122 (Facsimile)
*Attorneys for Plaintiff, Meanager*

198787

## VERIFICATION

I have read the foregoing document and know its contents.

I am Manager of Meanager, LLC, the plaintiff in this action. I am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of March, 2010.

MEANAGER, LLC

Mandy Knapper, Manager

15

# EXHIBIT "A"



Genuine Products

# EXHIBIT "C"

Plaintiff's Products ↓

Defendants' Products ↓

meanager

meanager

MEANAGER

# EXHIBIT "D"



look up: [_____] [search]

word of the day dictionary add edit store chat blog
custom products word of the day products top products bookstore shopping cart

## Print this definition...

meanager
A [manager] ([aka] your [boss])who is [mean] to you.
"Man, my new boss is a meanager."
"Yea, I know what you mean. Mine, too, man."

[edit the text] or [pick another definition]  share this

## ... on mugs, magnets, mousepads, tshirts and more!



mugs $21.95          two tone mugs $25.10          steins $32.95

tshirts $25.90       basic tshirts $33.95          front tshirts $29.95



magnets $5.85

mousepads $15.95

stickers $6.95

womens tshirts $27.95

travel mugs $29.95

basic hoodies $51.95

hoodies $51.95

trucker hats $19.95

caps $30.95

# EXHIBIT "E"

Defendant's Products
24 of 25

**10-60481-Civ-MORENO/WHITE**

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed

ELECTRONIC

**MAR. 30, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

---

**I. (a) PLAINTIFFS**

MEANAGER, LLC

**DEFENDANTS**

ZAZZLE, INC. and URBAN DICTIONA

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Mateo
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Christopher & Weisberg, PA
200 E. Las Olas Blvd., Ste. 2040, Fort Lauderdale, FL 33301
(954) 828-1488

Attorneys (If Known)

10cv60481 - Moreno/Torres

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☑ OKEECHOBEE  HIGHLANDS

---

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | | | | |
|---|---|---|---|---|---|---|
| | | | PTF | DEF | PTF | DEF |
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State  ☑ 4 | ☐ 4 |
| ☐ 2  U.S. Government Defendant | ☑ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State  ☐ 5 | ☑ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation  ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

---

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

---

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page:)   a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

JUDGE ___   DOCKET NUMBER ___

---

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

15 U.S.C. § 1121 and 28 U.S.C. § 1331  Citizenship Diversity

LENGTH OF TRIAL via _3__ days estimated (for both sides to try entire case)

---

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ ___   CHECK YES only if demanded in complaint:   JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   DATE

**FOR OFFICE USE ONLY**

AMOUNT   350 00   RECEIPT # 548970   IFP